IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVON HORSE SHOW AND** | : | **CIVIL ACTION** |
| **COUNTRY FAIR, INC.** | : | |
| *Plaintiff* | : | **NO. 22-1979** |
| | : | |
| v. | : | |
| | : | |
| **EASTTOWN TOWNSHIP** | : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 20th day of June 2023, upon consideration of Defendant Easttown Township's (the "Township") *motion for judgment on the pleadings*, [ECF 8], Plaintiff Devon Horse Show and Country Fair's ("Devon") response in opposition, [ECF 10], the Township's reply, [ECF 13], Devon's sur-reply, [ECF 16], and the allegations in the complaint, [ECF 2], it is hereby **ORDERED** that the motion for judgment on the pleadings is **DENIED**.[1]

---

[1] Plaintiff Devon Horse Show and Country Fair ("Plaintiff" or "Devon") commenced this civil action against Defendant Easttown Township ("Defendant" or the "Township") averring claims arising from a dispute over the Township's "Special Events" ordinance, codified at Chapter 382 of the Code of Easttown Township (the "Ordinance"). In the complaint, Devon asserts, under the First Amendment to the United States Constitution and 42 U.S.C. § 1983, a facial challenge (at Count I), an *as-applied* challenge (at Count II) to the Ordinance, and a challenge to the Ordinance under the Uniformity Clause of the Pennsylvania Constitution (at Count III). [ECF 2]. The Township filed an answer to the complaint denying many of Devon's factual allegations. [ECF 5].

Presently, before the Court is the Township's motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). Devon opposes the motion. The facts relevant to the motion are summarized as follows:

Devon is a non-profit corporation that has hosted the annual Devon Horse Show and Country Fair (the "Horse Show") since 1896. The Horse Show is preformed primarily in the Township, a municipality in Chester County, Pennsylvania. In 1959, the Township first enacted the Ordinance. Pursuant to the Ordinance, special event organizers are required to acquire a permit and pay fees to the Township under certain circumstances. Specifically, the Township requires Devon to acquire the annual permit to host the Horse Show and to pay fees to facilitate the provision of the Township support services for the Horse Show, including police services.

Between the years 2011 and 2019, the Township charged Devon approximately $75,000 per year in fees for support services. Because of the COVID-19 pandemic, Devon did not host the Horse Show in 2020 or 2021. Prior to issuing Devon the permit to host the Horse Show in 2022, the Township required a deposit of $130,000 for support services. As a result of the increased support services fees, Devon commenced this civil action against the Township in the Court of Common Pleas of Chester County, Pennsylvania. The Township subsequently removed the action to this Court. [ECF 1].

Rule 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) motions for judgment on the pleadings are reviewed under the same standards as motions to dismiss under Rule 12(b)(6). *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 146–47 (3d Cir. 2013); *see also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004). When evaluating a Rule 12(c) motion, the court must accept as true all facts alleged in the complaint and the answer and draw all inferences in favor of the nonmoving party—here, Devon. *Leithbridge Co. v. Greenwich Ins. Co.*, 464 F. Supp. 3d 734, 738 (E.D. Pa. 2020) (citing *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019). After construing the pleadings in the light most favorable to the nonmoving party, the court may enter judgment in favor of the moving party if it determines that the nonmoving party could not be entitled to judgment as a matter of law. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019); *see also Fowler*, 578 F.3d at 210. The court should not grant a motion for judgment on the pleadings under Rule 12(c) "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment as a matter of law." *Trinity Indus., Inc. v. Greenlease Holding Co.*, 903 F.3d 333, 349 (3d Cir. 2018) (citation omitted).

I.   *Facial Challenge to the Special Events Ordinance*

At Count I, Devon asserts a facial challenge to the Ordinance under the First Amendment to the United States Constitution, on the basis that the Ordinance grants unfettered discretion to the Township in a manner that unlawfully restrains Devon's rights of free speech and assembly. The Township argues that this Court should grant judgment on Count I because the Ordinance is a content-neutral regulation of assembly and speech as to time, place, and manner. In response, Devon disagrees and argues that the complaint adequately alleges that the Ordinance violates the First Amendment because it grants unfettered discretion to the Township.

The First Amendment provides: "Congress shall make no law . . . abridging the freedom of speech, . . . or the right of the people peaceably to assemble, . . . ." U.S. Const. amend. I. An ordinance that requires a permit and fee before authorizing a speech or assembly in a public forum is a "prior restraint" on speech and carries a presumption against its validity. *The Nationalist Movement v. City of York*, 481 F.3d 178, 183 (3d Cir. 2007) (citing *Forsyth Cnty. v. Nationalist Movement*, 505 U.S. 123, 130 (1992)). This type of prior restraint is only constitutional "where it does 'not delegate overly broad licensing discretion to a government official' and is a valid time, place, and manner restriction, *i.e.*, it leaves open ample alternatives for communication and is content-neutral and narrowly tailored to serve a significant governmental interest." *Id.* (quoting *Forsyth Cnty.*, 505 U.S. at 130). Notably, a permit fee scheme is facially invalid when it does not "prescribe adequate standards" for government officials to follow when setting the fee. *Forsyth Cnty.*, 505 U.S. at 130. To comply with the Constitution, an ordinance "must contain 'narrow, objective, and definite standards to guide the licensing authority.'" *Id.* (quoting *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150–51 (1969)). These standards must involve the "appraisal of facts, the exercise of judgment, and the formation of an opinion." *Id.* (quoting *Cantwell v. Connecticut*, 310 U.S. 296, 305 (1940)).

As noted, Devon alleges that Township personnel have unbridled discretion in the process of reviewing public event permit applications under the Ordinance. Specifically, Devon alleges that the Ordinance grants the Township Manager or his designee the power to waive certain permit requirements if doing so would be in the Township's "best interest." (Compl., ECF 2, ¶ 48). Furthermore, under the Ordinance, the Township Manager may establish terms and conditions for events "in his **sole** discretion." (*Id.* ¶ 50 (emphasis added)). Devon further argues that the Ordinance contains no criteria to guide the Township Manager in making such determinations. As for the costs the Township may charge event holders for support services, the Ordinance provides that Township personnel may recommend to the Township Manager that all or a portion of the costs of support services be waived for certain events if doing so would—again—be in the Township's "best interest." (*Id.*). The Ordinance further provides four criteria to be used in reviewing such recommendations, including "(1) Is the proposed event considered desirable for the Township?" (*Id.*). Thus, as alleged and argued by Devon, the Ordinance gives the Township Manager virtually absolute discretion to decide whether to impose certain requirements or conditions on permittees, and to charge permittees any amount he chooses, depending on what the Township Manager feels is "desirable" or in the Township's "best interest."

Devon's complaint adequately avers that there are no "narrow, objective, and definite standards" in the Ordinance to guide the Township Manager in his decision-making process. *See Forsyth Cnty.*, 505 U.S. at 130 (quoting *Shuttlesworth*, 394 U.S. at 150–51); *see also Nittany Outdoor Advert., LLC v. Coll. Twp.*, 22 F. Supp. 3d 392, 412–13 (M.D. Pa. 2014) (holding ordinance vested unbridled discretion in town officials where ordinance did not set forth criteria for officials to grant variances to permit applications). As such, Devon has adequately averred, at this stage of the proceedings, that the Ordinance is unconstitutionally overbroad in its grant of discretion to Township officials. Thus, the Township's motion for judgment on the pleadings is denied with respect to Devon's First Amendment facial challenge.

II. *As-Applied Challenge to the Special Events Ordinance*

With respect to Devon's *as-applied* challenge to the Ordinance at Count II, the Township contends that Devon has failed to allege facts sufficient to show that the Township applied the Ordinance in a non-uniform, discriminatory manner. In response, Devon argues that the Township singled out Devon in its application of the Ordinance.

The substantive law for facial and as-applied constitutional challenges is generally the same. *Reilly v. City of Harrisburg*, 2022 WL 906205, at *2 (M.D. Pa. Mar. 28, 2022) (citing *Bucklew v. Precythe*, — U.S. —, 139 S. Ct. 1112, 1127–28 (2019)). The distinction between the two claims, however, "affects the extent to which the invalidity of the challenged law must be demonstrated and [the] corresponding breadth of the remedy." *Bucklew*, 1112 S. Ct. at 1127 (citation and internal quotation marks omitted). To succeed on an as-applied challenge to an ordinance, a plaintiff must show that the ordinance "has in fact been (or is sufficiently likely to be) unconstitutionally applied to" the plaintiff. *See McCullen v. Coakley*, 573 U.S. 464, 484 n.4 (2014). The government has the ultimate burden to justify such differential treatment based on the applicable level of scrutiny. *Reilly*, 2022 WL 906205, at *3 (citing *Gonzales v. O Centro Espirita Beneficiente Uniao do Vegetal*, 546 U.S. 418, 429 (2006)). Generally, content- or viewpoint-based restrictions on speech are subject to strict scrutiny, while content-neutral restrictions are subject to a less stringent level of scrutiny. *See McCullen*, 573 U.S. at 478.

Devon avers that it pays more for support services than other event organizer/permittee in the Township, an allegation that the Township denies in its answer. Devon further avers that in 2011, the Township and the Township's Police Department entered into a Collective Bargaining Agreement, which was amended in 2012. In the 2012 amendment to the Collective Bargaining Agreement, the Devon Horse

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Show and Country Fair was expressly labeled a "unique opportunity" to "generate income to the mutual benefit of the parties." (Compl., ECF 2, ¶ 65; Compl. Ex. F, ECF 2-2, at p. 53). The amendment further provided for increased pay rates for police officers who provide services at the Horse Show and an administrative fee for the Police Department. The Horse Show was the only event expressly addressed in the Collective Bargaining Agreement in this manner. The express reference to the Horse Show was eliminated in a 2016 amendment; however, Devon alleges that the increased pay rates remain the same under the 2016 amendment and that only Devon is charged the increased rate. Taking Devon's and the Township's allegations as true, this Court finds that there are genuine issues of material fact as to whether the Township applied the Ordinance unconstitutionally and differently to Devon than to other permit applicants. Further, at this pleading stage, the Township has not met its burden to justify any such differential treatment under any level of scrutiny. Accordingly, the Township's motion for judgment on the pleadings is denied as to Devon's as-applied challenge to the Ordinance.

   III.   *Challenge Under the Uniformity Clause of the Pennsylvania Constitution*

Finally, at Count III, Devon challenges the Ordinance under the Uniformity Clause of the Pennsylvania Constitution. The Township argues that it is entitled to judgment on the pleadings on Devon's Uniformity Clause claim because it charges Devon the actual costs it incurs to provide support services and, thus, the charges are not a "tax." In response, Devon argues that the fees at issue constitute an unlawful, non-uniform tax on Devon because the fees are designed to generate revenue.

The Uniformity Clause of the Pennsylvania Constitution provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, § 1. Under Pennsylvania law, a tax is "a revenue producing measure characterized by the production of a high proportion of income relative to the costs of collection and supervision." *Talley v. Commonwealth of Pa.*, 553 A.2d 518, 519 (Pa. Commw. Ct. 1989)). As such, a fee that "collects more than the amount commensurate with the expense of administering" becomes a tax. *Id.* (citation omitted).

Devon alleges that the fees the Township has charged Devon for support services during the Horse Show are greater than the actual costs the Township incurs to provide such services. Specifically, Devon alleges that the Township artificially inflates the costs for support services it charges to Devon, and that it has singled out Devon for such treatment. Indeed, the Collective Bargaining Agreement indicates that the Township and the Police Department recognize that the Horse Show presents a "unique opportunity" to "generate income to the mutual benefit of the parties." (Compl., ECF 2, ¶ 65; Compl. Ex. F, ECF 2-2, at p. 53). In its answer, the Township denies that it has charged Devon more than the actual costs incurred to provide support services. Taking both parties' allegations as true, as this Court must under Rule 12(c), this Court finds that there are genuine issues of material fact as to whether the Township has charged Devon for more than it incurred to provide support services, and whether the fees are intended to generate revenue and, thus, constitute a "tax" for Uniformity Clause purposes. Accordingly, the Township's motion for judgment on the pleadings is denied with respect to Devon's Uniformity Clause challenge.